## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**LEANNA LaFON,**

     **Plaintiff,**

**v.**

                                       **Civil Action No:** 3:25-cv-00294
                                       **Judge:**

**CABELL HUNTINGTON HOSPITAL, INC.,**

     **Defendant.**

## DEFENDANT CABELL HUNTINGTON HOSPITAL, INC.'S
## NOTICE OF REMOVAL

      Defendant Cabell Huntington Hospital, Inc. ("CHH"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), (c) and 1446, hereby removes this action from the Circuit Court of Cabell County, West Virginia, to the United States District Court for the Southern District of West Virginia, Huntington Division.

      As is more fully set forth below, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a) and 1441, *et seq.,* because (1) Plaintiff Leanna LaFon ("Plaintiff") asserts two claims arising under the laws of the United States, i.e., 29 U.S.C. § 2601, *et seq.*, and (2) this Court may exercise supplemental jurisdiction over Plaintiff's pendent state claims as all her claims arise from the same nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution. In support of this removal and pursuant to 28 U.S.C. § 1446(a), Defendants respectfully submit the following "short and plain statement of the grounds for removal," stating as follows:

## I.     PROCEDURAL REQUIREMENTS

1.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of the first date Plaintiff served CHH with a copy of the Complaint, which sets forth the claim for relief upon which this removal is based. The Complaint was served upon CHH on April 7, 2025. *See* Executed Certified Mail Return Receipt, attached hereto as **Exhibit A**.

2.     Removal to the United States District Court for the Southern District of West Virginia, Huntington Division, is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Circuit Court of Cabell County, West Virginia.

3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon CHH, along with a certified copy of the State Court Docket Sheet, are attached hereto as **Exhibit B**.

4.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing of Notice of Removal, is being filed with the Clerk of the Circuit Court of Cabell County, West Virginia, and sent to counsel of record for the adverse party. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

5.     By filing this Notice of Removal, CHH does not waive any available defenses.

## II.    FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331

6.     This civil action involves one or more questions of federal law. Specifically, Count I of Plaintiff's Complaint alleges interference with rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").  *See* Compl. at ¶¶ 21-29.  Count II of Plaintiff's Complaint alleges retaliation for exercising rights and engaging in protected conduct under the FMLA.  *See* Compl. at ¶¶ 30-36. Each of these causes of action arises exclusively under federal

law and provides a basis for federal subject matter jurisdiction. *Ennis v. City Holding Co.*, No. 2:12-CV-03956, 2012 WL 6651925, at \*2-\*3 (S.D. W. Va. Dec. 20, 2012). Consequently, Plaintiff's claims arise under the "Constitution, laws, or treaties of the United States" within the meaning of 28 U.S.C. § 1331, and this matter is removable under 28 U.S.C. § 1441.

**III.    SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367**

7.    District courts may exercise supplemental jurisdiction over state law claims when the claims are so related to claims over which the court has original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

8.    Plaintiff's Complaint also alleges claims of hostile work environment based on disability and retaliatory discharge pursuant to the West Virginia Human Rights Act, W. Va. Code § 16B-17-1, *et seq. See* Compl. at ¶¶ 37-61. Plaintiff's hostile work environment and retaliatory discharge claims are predicated on a common nucleus of operative facts as her FMLA claim. Accordingly, Plaintiff's hostile work environment and retaliatory discharge claims are so closely related to her FMLA claim that "they form part of the same case or controversy" and this Court has supplemental jurisdiction over those claims by virtue of 28 U.S.C. § 1367.

9.    CHH reserves the right to amend or to supplement this Notice of Removal, or to present additional arguments and/or legal authority in support of the removal of this case.

**III.    CONCLUSION**

WHEREFORE, Defendant Cabell Huntington Hospital, Inc. requests that the above-described action now pending against it in the Circuit Court of Cabell County, West Virginia, be removed to the United States District Court for the Southern District of West Virginia, Huntington Division.

CABELL HUNTINGTON HOSPITAL, INC.


By: /s/    David D. Amsbary
                Of Counsel


David D. Amsbary, Esquire (WVSB# 9968)
J.L. Brydie, Esquire (WVSB# 13379)
SPILMAN THOMAS & BATTLE, PLLC
401 Tenth Street, Suite 500
Huntington, West Virginia 25701
(304) 697-4700 (telephone)
(304) 697-4714 (facsimile)
damsbary@spilmanlaw.com
jbrydie@spilmanlaw.com
*Counsel for Defendant Cabell*
*Huntington Hospital, Inc.*