IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LEANNA LaFON,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:25-0294

CABELL HUNTINGTON HOSPITAL, INC.,

        Defendant.

### ORDER

Before the Court is Defendant Cabell Huntington Hospital, Inc.'s Motion for Partial Dismissal of Plaintiff's Complaint (ECF 6). For the reasons stated below, the Court **GRANTS** the Motion. Counts III and IV of Plaintiff's Complaint will be dismissed without prejudice.

### BACKGROUND

Plaintiff Leanna LaFon asserts that Defendant violated her rights under the Family and Medical Leave Act ("FMLA") and West Virginia Human Rights Act ("WVHRA"). *See* Compl., ECF 1-2 at 1. Count III of Plaintiff's Complaint alleges that, while Plaintiff was employed by Defendant, Defendant violated the WVHRA by creating a hostile work environment based on Plaintiff's disability. *See id.* ¶¶ 43–45, 47, 51. Count IV alleges that Defendant violated the WVHRA by terminating Plaintiff in retaliation for Plaintiff reporting this hostile work environment. *See id.* ¶ 54, 57.

Defendant moves to dismiss Counts III and IV pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF 7 at 1. Plaintiff opposes Defendant's Motion. *See* ECF 8 at 1.

**LEGAL STANDARD**

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 545. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

**ANALYSIS**

**A. Count III**

Count III alleges that Defendant violated the WVHRA by creating a hostile work environment based on Plaintiff's disability. *See* Compl., ECF 1-2 at 6. To establish that a defendant unlawfully created a hostile work environment based on the plaintiff's disability, the plaintiff must show that:

> (1) . . . the subject conduct was unwelcome; (2) it was based on the [disability] of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment; and (4) it was imputable on some factual basis to the employer.

*Burke v. Wetzel Cnty. Comm'n*, 815 S.E.2d 520, 535 (W. Va. 2018) (quoting Syl. Pt. 2, *Fairmont Specialty Servs. v. W. Va. Hum. Rts. Comm'n*, 522 S.E.2d 180 (W. Va. 1999)).

Defendant argues that the Complaint fails to state a hostile-work-environment claim for two reasons.

*First*, Defendant argues that Plaintiff does not plead any facts that would allow the Court to infer that Plaintiff was subjected to the conduct she complains about—"harassment, hostility, and intimidating behavior," Compl., ECF 1-2 ¶ 43—because of her disability. *See* ECF 7 at 5.

Indeed, the only language in Plaintiff's Complaint linking the alleged harassment, hostility, and intimidation to Plaintiff's disability is conclusory. *See* Compl., ECF 1-2 ¶ 43 ("Plaintiff was subjected to harassment, hostility and intimidating behavior based on her disability . . . ."); *id.* ¶ 44 ("Plaintiff was subjected to harassment, hostility and intimidating behavior based on her disability or Defendant's perception of her as a person with a disability."); *id.* ¶ 51 ("Plaintiff's disability or Defendant's perception of the same was a motivating factor in the Defendant's above-described adverse decisions and actions against her and its failure to provide her with a work environment free from unlawful hostility or discrimination."). Without concrete factual allegations, these assertions are merely speculative.

*Second*, Defendant argues that the Complaint fails to adequately allege that the complained-of conduct was "sufficiently severe or pervasive to alter the plaintiff's conditions of employment." *See id.* at 6.

The only allegations Plaintiff makes about the severity or pervasiveness of the complained-of conduct are (1) that it occurred "continuously" from June of 2024 to February 6, 2025, Compl. ECF 1-2 ¶¶ 11, 13, 15, and (2) that Plaintiff's reports of a hostile work environment "motivated or influenced the Defendant's decision to remove her," *see id.* ¶ 19. Without more details about the nature of the complained-of conduct and the frequency with which it occurred, the conduct's alleged continuity does not indicate that it was sufficiently severe or pervasive. Also, while the alleged harassment, hostility, and intimidation might be sufficiently severe or pervasive if their "cumulative effect" was Plaintiff's termination, *CSX Trans., Inc. v. Smith*, 229 S.E.2d 151, 164 (W. Va. 2012), Plaintiff has not pled facts which would allow the Court to infer that her firing was motivated by her reports of a hostile work environment.

Because Plaintiff has not adequately alleged that the harassment, hostility, and intimidation

3

she experienced was (1) based on her disability or (2) sufficiently severe or pervasive to alter the conditions her employment, the Court will dismiss Count III of the Complaint.

### B. Count IV

Count IV alleges that Defendant violated the WVHRA by terminating Plaintiff in retaliation for Plaintiff reporting hostile conditions. *See id.* ¶ 57. To prove an unlawful retaliatory discharge, a plaintiff must show:

> (1) that the complainant engaged in protected activity, (2) that complainant's employer was aware of the protected activities, (3) that complainant was subsequently discharged and (absent other evidence tending to establish a retaliatory motivation), (4) that complainant's discharge followed his or her protected activities within such period of time that the court can infer retaliatory motivation.

Syl. Pt. 10, *Hanlon v. Chambers*, 464 S.E.2d 741 (1995) (quoting Syl. Pt. 1, *Brammer v. Hum. Rts. Comm'n*, 394 S.E.2d 340 (1990)).

Defendant argues that the Complaint fails to state a claim for retaliatory discharge for three reasons.

*First*, Defendant argues that Plaintiff "has not pled that she engaged in protected activity." ECF 7 at 8. A plaintiff engages in protected activity when they complain about a practice and have a good-faith belief that the practice violates the WVHRA. *Hanlon*, 464 S.E.2d at 111. Here, the Complaint does not contain any facts which would allow the Court to infer that Plaintiff had a good-faith belief that any of the practices that she complained about violated the WVHRA. Plaintiff's only assertion to this effect is conclusory. *See* Compl., ECF 1-2 ¶ 54 ("Plaintiff reasonably believed in good faith that Defendant's inappropriate treatment of her resulted from her disability . . . .").

*Second*, Defendant argues that Plaintiff has not pled that Defendant was aware of Plaintiff's protected activity. *See* ECF 7 at 9. Because Plaintiff has not pled that she engaged in protected

4

activity, she has also failed to allege that Defendant was aware of any protected activity.

*Third*, Defendant argues that too much time passed between Plaintiff's protected activity and her termination for the Court to infer that Defendant had a retaliatory motivation. *See* ECF 7 at 9–10. Since Plaintiff has not pled that she engaged in protected activity, the Court cannot determine how soon after Plaintiff engaged in protected activity it was that Plaintiff was fired.

Because Plaintiff has not adequately alleged that she engaged in protective activity or that Defendant was aware that she engaged in protective activity, the Court will dismiss Count IV of the Complaint.

### C. Request to Dismiss with Prejudice

Defendant asks the Court to dismiss Counts III and IV with prejudice. *See* ECF 7 at 1–2. Defendant does not explain why dismissal with prejudice is warranted. To dismiss Counts III and IV with prejudice, the Court would have to determine that "the allegation of other facts consistent with the [Complaint] could not possibly cure the deficienc[ies]" discussed herein. *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172 (4th Cir. 2009) (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)). The Court is unable to do so here. While Counts III and IV fail to state a claim for relief, Plaintiff could certainly plead additional facts consistent with those already alleged that cure the deficiencies outlined above. Accordingly, the Court will dismiss Counts III and VI *without* prejudice.

## CONCLUSION

The Court **GRANTS** Defendant's Motion for Partial Dismissal of Plaintiff's Complaint (ECF 6) and **DISMISSES** Counts III and IV of Plaintiff's Complaint (ECF 1-2) **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented parties.

        ENTER:    September 16, 2025

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE